IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 14-14672

LEXI DEVELOPMENT COMPANY, INC.
and GREAT FLORIDA BANK,

*Appellants*,

v.

LEXI NORTH BAY, LLC,

*Appellee*.

**RESPONSE OF LEXI DEVELOPMENT COMPANY, INC. TO *SUPPLEMENTAL* JURISDICTIONAL QUESTION**

| | |
|---|---|
| Peter D. Russin, Esq. | Elliot B. Kula, Esq. |
| Joshua W. Dobin, Esq. | W. Aaron Daniel, Esq. |
| MELAND RUSSIN & BUDWICK, P.A. | KULA & ASSOCIATES, P.A. |
| 200 South Biscayne Blvd., Ste. 3200 | 11900 Biscayne Boulevard, Suite 310 |
| Miami, Florida  33131 | North Miami, Florida  33181 |
| Telephone: (305) 358-6363 | Telephone:  (305) 354-3858 |
| Facsimile: (305) 358-1221 | Facsimile:  (305) 354-3822 |
| prussin@melandrussin.com | elliot@kulalegal.com |
| jdobin@melandrussin.com | aaron@kulalegal.com |
| | eservice@kulalegal.com |

*Co-Counsel for Appellant Lexi Development Company, Inc.*

*Lexi Dev. Co., etc. v. Lexi N. Bay, LLC*

## Case No. 14-14672

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, Lexi Development Company, Inc., submits this list, which includes the trial judge, and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this review:

Cristol, Hon. A. Jay, Bankruptcy Court Judge

1. Daniel, W. Aaron, Esq., Attorney for Appellant Lexi Development Company, Inc.

2. Dobin, Joshua W., Esq., Attorney for Appellant Lexi Development Company, Inc.

3. Florida Community Bank, N.A., Appellant as Successor to Great Florida Bank

4. Friedman & Frost, P.L., Attorneys for Appellant Great Florida Bank

5. Friedman, Paul D., Esq., Attorney for Appellant Great Florida Bank n/k/a Florida Community Bank, N.A.

6. Friedman, Todd R., Esq., Attorney for Appellant Great Florida Bank n/k/a Florida Community Bank, N.A.

7. Great Florida Bank n/k/a Florida Community Bank, N.A., Appellant

C-1 of 3

*Lexi Dev. Co., etc. v. Lexi N. Bay, LLC*

## Case No. 14-14672

## CERTIFICATE OF INTERESTED PERSONS

AND

## CORPORATE DISCLOSURE STATEMENT

(Continued)

8. Green, Michael Brandon, Esq., Attorney for Appellee Lexi North Bay, LLC

9. Greenwald, Scott

10. Gross, Laura Fortney, Esq., Attorney for Appellee Lexi North Bay, LLC

11. Gunster, Attorneys for Appellee Lexi North Bay

12. Kozyak, Tropin & Throckmorton, P.A., Prior Counsel for Appellant Great Florida Bank n/k/a Florida Community Bank, N.A.

13. Kula & Associates, P.A., Attorneys for Appellant Lexi Development Company, Inc.

14. Kula, Elliot B., Esq., Attorney for Appellant Lexi Development Company, Inc.

15. Lexi Development Company, Inc., Appellant

16. Lexi North Bay, LLC, Appellee

17. Meland Russin & Budwick, P.A., Attorneys for Appellant Lexi Development Company, Inc.

*Lexi Dev. Co., etc. v. Lexi N. Bay, LLC*

## Case No. 14-14672

CERTIFICATE OF INTERESTED PERSONS

AND

CORPORATE DISCLOSURE STATEMENT

(Continued)

18. Miller, Raymond V., Esq., Attorney for Appellee Lexi North Bay, LLC

19. Ostroff, Eric W., Esq., Attorney for Appellant Lexi Development Company, Inc.

20. Rosendorf, David L., Esq., Prior Counsel for Appellant Great Florida Bank n/k/a Florida Community Bank, N.A.

21. Russin, Peter D., Esq., Attorney for Appellant Lexi Development Company, Inc.

22. Williams, Hon. Kathleen M., District Court Judge.

Pursuant to Federal Rule of Appellate Procedures 26.1 and Eleventh Circuit Rules 26.101 through 26.1-3, Appellant, Lexi Development Company, Inc., makes the following statement as to corporate ownership:

Lexi Development Company, Inc. is a privately held company. It is not a subsidiary or parent of any other entity.

Lexi North Bay, LLC, it is believed, is part of a fund controlled by Ram Real Estate, which is an affiliated group of companies and partnerships.

*Lexi Dev. Co., etc. v. Lexi N. Bay, LLC*

## Case No. 14-14672
### CERTIFICATE OF INTERESTED PERSONS
### AND
### CORPORATE DISCLOSURE STATEMENT
(Continued)

Great Florida Bank was merged into and acquired by Florida Community Bank, N.A., is exclusively owned by FCB Financial Holdings, Inc., and FCB Financial Holdings, and trades on the New York Stock Exchange under the ticker symbol "FCB."

/s/ *Elliot B. Kula*
Elliot B. Kula

\

# RESPONSE OF LEXI DEVELOPMENT COMPANY, INC. TO <u>*SUPPLEMENTAL*</u> JURISDICTIONAL QUESTION

Appellant, Lexi Development Company, Inc. ("Lexi") hereby responds to the Court's January 20th Supplemental Jurisdictional Question.[1]

### OVERVIEW OF JURISDICTIONAL INQUIRY

Lexi is appealing the district court's September 18th Order on bankruptcy appeal (the "Order on Bankruptcy Appeal"), in which Order the district court reversed the bankruptcy court's Order (1) Denying Lexi North Bay, LLC's Motion For Summary Judgment; And (2) Granting In Part And Denying In Part Great Florida Bank's And Lexi Development Company, Inc.'s Cross-Motions For Summary Judgment (the "Summary Judgment Order"). The district court remanded the matter to the bankruptcy court "for further proceedings consistent with [its] opinion."

The appeal is pursued in an abundance of caution because the district court included in its Order on Bankruptcy Appeal, a finding of fact not argued by the parties in their brief and contrary to the record, namely, that Lexi is not a signator to the underlying Intercreditor Agreement. That is to say, concern whether the finding (contrary to the record and outside of the briefing on appeal), would limit the bankruptcy court's further proceedings.

---

[1] Lexi relies on the recitation set forth in its December 15, 2014 Response to Jurisdictional Question.

1

In response to the Court's original Jurisdictional Question, Lexi argued, in sum:

> [T]he remand would appear to be of limited purpose and afford limited discretion. That is, in its Order on Bankruptcy Appeal, the district court relied on a finding of fact clearly contrary to the record, which, if binding on the bankruptcy court, would appear to direct the outcome in the bankruptcy court. And in that event, there would be no further opportunity for appeal of the district court's Order on Bankruptcy Appeal to this Court. The Order on Bankruptcy Appeal is thus a final order of the United States District Court for the Southern District of Florida, exercising appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and appealable at this juncture because the bankruptcy court's proceeding on remand is limited by the Order so that it too is effectively final.

That is to say, the further proceedings on remand – which the district court has directed shall be "consistent with [its] opinion" finding that Lexi was not a signator to the Intercreditor Agreement (albeit contrary to the record) – would appear to substantially limit the bankruptcy court's "significant judicial activity involving considerable discretion," *In re Miscott Corp.*, 848 F.2d 1190, 1192 (11th Cir.1988), on remand. And, that would render the Order on Bankruptcy Appeal effectively final.

The Court now has presented a *supplemental* jurisdictional question for the parties' simultaneous briefing, further inquiring whether, in light of the remand to the bankruptcy court, and specifically in light of the pending cross-claim by Appellant Great Florida Bank against Appellee Lexi North Bay, LLC, the Order on Bankruptcy Appeal is final.

> The responses to this Court's first jurisdictional question do not completely address whether the district court order appealed from is a

2

final order over which this Court has jurisdiction. In the order appealed from, the district court noted that "critical issues" remained "for any action between GFB, Regions Bank, and North Bay on the alleged breach of the [intercreditor agreement]." (CM/ECF for U.S. Dist. Ct. for S.D. Fla., case no. 1:12-cv-22589, doc. 28 at 10-11). Accordingly, please address whether the district court's remand order contemplates significant judicial activity with respect to the bankruptcy court's adjudication of all parties' rights relating to an alleged breach of the intercreditor agreement. *See* 28 U.S.C. § *158(d)(1); T & B Scottdale Contractors, Inc. v. United States,* 866 F.2d 1372, 1375 (11th Cir. 1989) (noting that an order remanding to the bankruptcy court for further consideration is not final if the bankruptcy court is required to exercise significant judicial activity involving considerable discretion). Specifically, please address whether, in light of the district court's order, GFB's cross-claim against North Bay (CM/ECF for U.S. Bankr. Ct. for S.D. Fla., case no. 10-03582, doe. 16), or any similar cross-claims between the parties, remain pending before the bankruptcy court. Otherwise, please indicate whether all potential cross-claims relating to the intercreditor agreement have been abandoned, such that the bankruptcy court need only modify *the total amount owed to North Bay. See Orix Credit Alliance, Inc. v. Delta Res., Inc. (In re Delta Res., Inc.*), 54 F.3d 722, 725-27 (11th Cir. 1995) (holding that the district court's remand order was final where the bankruptcy court was only required to order one party to pay a sum certain to another party, which was not "significant judicial activity").

The Court's concern appears to focus on the pending cross-claim.

### THE NATURE OF THE FINDING OF FACT IN THE ORDER ON BANKRUPTCY APPEAL INFORMS THE FINALITY ANALYSIS, NOT THE PENDING CROSS-CLAIM

The cross-claim presents substantial judicial labor, to be sure, but not *necessarily* as to Lexi. But whether the cross-claim presents substantial judicial labor does not inform the finality analysis, rather it is the exemplar of the uncertainty that prompted the filing of this appeal.

3

That is, as argued in its response to the original Jurisdictional Question, the Lexi explained the difficulty of its situation vis-à-vis the finality of the Order on Bankruptcy because the district court made ruling of fact – that Lexi was not a signator to the Intercreditor Agreement – which fact, though contrary to the record by all accounts and never determined in the first instance by the bankruptcy court, would have a limiting effect on the proceedings on remand "consistent with" the Order on Bankruptcy Appeal.  And if that is so, then it is effectively a final order, as the judicial labor on remand would be limited and Lexi's interest in the cross-claim would be nominal if anything.  But, if the finding (by all accounts contrary to the record) is not so limiting on the bankruptcy court's exercise of discretion on remand, then the judicial labor would be substantial as to *all* claims (not just the cross-claim).

The point, Lexi submits, is that the pendency of the cross-claim is not dispositive of the Court's finality inquiry.  The finality inquiry rests on whether the finding by the district court in the first instance (contrary to the record and contrary to the view of the record by the parties) is final and binding on the bankruptcy court in its proceeding on remand "consistent with" the district court's Order on Bankruptcy Appeal.

And Lexi was without choice in its exercise of appellate rights, faced with such a finding.  It appealed the district court's Order on Bankruptcy Appeal as it rests on an erroneous finding of fact, which, if left to stand, could well have a limiting affect, *i.e.*, finality, on the bankruptcy proceedings on remand.  That is to say, reversal based on the district court's erroneous finding of fact would return the

4

appeal to the district court for consideration based on the proper record, or dismissal of the appeal for lack of finality, would return the parties the bankruptcy court "consistent with" the district court's remand, but without the apparent finality of the unfounded finding regarding Lexi's status as a signator to the Intercreditor Agreement.

The Court accordingly should answer its Jurisdictional Question and the Supplemental Jurisdictional Question in the affirmative. Following the district court's entry of its Order on Bankruptcy Appeal, and unless the district court's finding of fact is undone as clearly erroneous, it would appear that there is no significant judicial labor and no discretion to be exercised by the bankruptcy court on remand for proceedings "consistent with" the district court's Order on Bankruptcy Appeal. But of course, if it is determined that judicial labor in the bankruptcy court, on remand from the district court for proceedings consistent with its Order on Bankruptcy Appeal, is with full discretion to allow for evidentiary hearings and to make evidentiary rulings, based on the extant record, and without limitation by the district court's finding (contrary to the record) that Lexi is not a signator to the underlying Intercreditor Agreement, then jurisdiction would be inappropriate.

## CONCLUSION

Based on the foregoing, Lexi requests that the Court answer the Jurisdictional Question and the Supplemental Jurisdictional Question in the affirmative and allow Lexi's appeal to proceed. Alternatively, if the Court determines to dismiss this appeal for lack of jurisdiction, then Lexi would request the Court specifically note the basis for its conclusion, to wit, that the bankruptcy court's discretion is unbridled by the decision beyond its legal ruling.

Respectfully submitted,

| | |
|---|---|
| Peter D. Russin, Esq.<br>  Florida Bar No. 765902<br>  prussin@melandrussin.com<br>Josh W. Dobin, Esq.<br>  Florida Bar No. 93696<br>  jdobin@melandrussin.com<br>Eric W. Ostroff, Esq.<br>  Florida Bar No. 10130<br>  eostroff@melandrussin.com<br>MELAND RUSSIN &<br>  BUDWICK, P.A.<br>200 South Biscayne Blvd.<br>Suite 3200<br>Miami, Florida 33131<br>Telephone: (305) 358-6363<br>Facsimile: (305) 358-1221 | Elliot B. Kula, Esq.<br>  Florida Bar No. 003794<br>  elliot@kulalegal.com<br>W. Aaron Daniel, Esq.<br>  aaron@kulalegal.com<br>  Florida Bar No. 99739<br>KULA & ASSOCIATES, P.A.<br>11900 Biscayne Boulevard<br>Suite 310<br>Miami, Florida 33181<br>Telephone: (305) 354-3858<br>Facsimile: (305) 354-3822<br>eservice@kulalegal.com |

By: _____/s/ *Elliot B. Kula*_____
         Elliot B. Kula

*Co-Counsel for Lexi Development Company*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/ *Elliot B. Kula*
          Elliot B. Kula